IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORMAN CHARLES PICKETT, JR.,     No. C-11-4367 TEH (PR)

    Plaintiff,     ORDER OF DISMISSAL

    v.

T. REPASKY, et al.,

    Defendants.

_____/

Plaintiff Norman Charles Pickett Jr., a prisoner presently incarcerated at Correctional Training Facility in Soledad, California ("CTF-Soleded"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983. This action is now before the Court for review under 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from

a defendant who is immune from such relief. Id. at § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

In the instant Complaint, Plaintiff alleges that dental hygienist T. Repasky was deliberately indifferent to his serious medical need on October 5, 2010, when she failed to treat Plaintiff's left incisor despite dental x-rays which Plaintiff alleges indicated an abscess and infection in that tooth. Doc. #1 at 3. Plaintiff claims that the failure to treat his left incisor resulted in the rupture of that abscess on October 15, 2010, and subsequent infection of his left eye, affecting his vision and causing pain. Doc. #1 at 7. On or about May 4, 2011, Plaintiff was seen by two dental hygienists who informed him that his left incisor should either be extracted or treated with a root canal. Doc. #1 at 4-5. Plaintiff states that defendants should have instead allowed him to have the tooth restored or replaced with a dental implant. Doc. #1 at 4.

Plaintiff also alleges that his constitutional rights were violated when Health Care Appeals Coordinator Y. Olivias rejected

2

his appeals on procedural grounds, and when California Prison Health Care Services Chief L.D. Zamora denied his grievance regarding the alleged denial of dental care.  He also names as a defendant J. Kelso, the Federal Receiver appointed by the federal courts to oversee improvements in the prison health care system.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104), <u>overruled in part on other grounds by</u> <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Plaintiff's Complaint does not allege a violation of a right secured by the Constitution or laws of the United States.  The Complaint indicates that Plaintiff received treatment for his left incisor and, at most, there was a difference of opinion as to whether the October 2010 x-rays showed an infection of the left incisor, and as to the appropriate treatment.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 [deliberate indifference] claim."  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th

Cir. 1981). In order to prevail on a claim involving choices between alternative courses of treatment, a prisoner "must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

Plaintiff argues that the October 2010 x-rays indicated that he had an abscess on his left incisor that required treatment. Dental hygienist Repasky disagreed and concluded that no treatment was necessary. Doc. #1 at 3. Dr. Nguyen also agreed with Repasky's reading of the x-rays, concluding that there was no abscess, but that there was possible decay or external resorption due to prior trauma to the tooth. Doc. #1 at 15-16, 20. Since Dr. Nguyen also agreed with Repasky's conclusion and there was an alternative explanation for Plaintiff's tooth pain, the Complaint does not support an inference that Repasky knew that the x-rays showed an abscess and deliberately ignored the risk to Plaintiff.

However, reading the complaint liberally, the later recommendations for a root canal or extraction could imply that both Repasky and Dr. Nguyen's readings of the x-rays were incorrect. At most, though, this would only establish that Repasky was negligent, which is not actionable in the prison context under 42 U.S.C. § 1983. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs

4

to prisoner).

Furthermore, the Complaint shows that prison officials repeatedly attempted to address Plaintiff's dental concerns, but Plaintiff refused treatment because he wanted a different service provider and different treatment options. After his initial appointment with Repasky on October 5, 2010, Plaintiff was scheduled six more appointments thru early January 2011 in an attempt to address his concerns, as well as an additional set of x-rays. Doc. #1 at 15, 25. He refused two of the appointments because they were with Repasky and he stated that she would refuse to provide him with dental treatment because of his race. Id. at 7. The second set of x-rays also failed to show any abscess to tooth #9. Id. at 20. Plaintiff was offered two treatment options: extraction or root canal, both of which he declined. Id. at 15, 20. He instead insisted on a referral to a specialist, restoration of the tooth, and/or a dental implant. Id. at 4, 19, 38, 40, and 49. The Complaint does not support an inference that the failure to provide Plaintiff with his preferred form of treatment is either medically unacceptable under the circumstances or was chosen in conscious disregard of an excessive risk to his health.

Finally, the Complaint fails to state a Eighth Amendment claim against Appeals Coordinator Olivias, Chief Zamora, and Federal Receiver Kelso. Appeals Coordinator Olivias and Chief Zamora's only involvement in Plaintiff's treatment was in reviewing and denying his inmate appeals, which cannot serve as the sole basis for liability under § 1983. Ramirez v. Galaza, 334 F.3d 850, 860 (9th

5

Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). However, a plaintiff may establish liability on the part of defendants involved in the administrative grievance process by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need. See Wood, 900 F.2d at 1334 (holding that prison officials manifest a deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere with medical treatment). However, the Complaint does not support an inference that either Appeals Coordinator Olivias or Chief Zamora knew that Plaintiff had a serious medical need and denied the appeals regardless. In denying Plaintiff's grievance, Chief Zamora noted that Plaintiff had been treated multiple times since October 5, 2010, and had declined examinations and treatment because he sought a different dental care provider and different treatment options. Plaintiff's medical records did not place Chief Zamora on notice that he had serious medical need that was going unmet. Similarly, the grievances submitted to Appeals Coordinator Olivias complained about his dental care and requested different treatment from what was being offered; they did not put her on notice of a serious medical need.

    Finally, although Plaintiff has written Federal Receiver Kelso generally about his allegation that Repasky failed to treat his dental infection (Doc. #1 at 26-27), the Complaint does not support an inference that Federal Receiver Kelso "participated in or directed the [alleged constitutional] violations, or knew of the

6

violations and failed to act to prevent them". Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Even with liberal construction, Plaintiff's Complaint does not allege deliberate indifference to a medical need because that high standard requires that the Defendants actually knew, and acted in conscious disregard, of a serious risk to Plaintiff's health. Plaintiff's Complaint plainly shows that there is a difference of opinion between Plaintiff and the prison dental staff as to how to treat his left incisor, which does not state a cognizable § 1983 claim. Accordingly, the Complaint will be dismissed without leave to amend for failure to state a claim upon which relief may be granted.

## III

For the foregoing reasons, this action is DISMISSED. The clerk is directed to terminate any pending motions as moot and to close the file.

IT IS SO ORDERED.

DATED  *04/10/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Pickett-11-4367-dismissal.wpd

7